UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE WOOLSEY,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>Defendant. | No. 2:18-cv-924-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Titles II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 20. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further administrative proceedings.

I. Background

Plaintiff filed an application for a period of disability and DIB, alleging that she had been disabled since January 1, 2003.[1] Administrative Record ("AR") 152-53. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 107-17. A hearing was subsequently held

---

[1] Plaintiff subsequently amended the disability onset date to February 25, 2008. AR 18, 37.

1

before administrative law judge ("ALJ") Curtis Renoe. *Id.* at 33-80. Plaintiff was represented by counsel at the hearing, at which she testified. *Id*.

On January 25, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[2] *Id*. at 18-28. The ALJ made the following specific findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2008.

2. The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of February 25, 2008, through her date last insured of June 30, 2008 (20 CFR 404.1571 *et seq*.).

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease, status post anterior and posterior lumbar fusion with radiculopathy in the lower extremities; and obesity (20 CFR 404.1520(c)).

   * * *

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

   * * *

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). The claimant is limited to: lifting and carrying occasionally ten pounds, frequently less than ten pounds; sitting for up to six hours in an eight-hour normal workday, with a sit/stand option (*i.e.*, ability to change positions from sitting to standing and vice versa as needed); never climbing ladders, ropes, or scaffolds; frequent climbing of ramps and stairs; frequent balancing; and, occasional stooping, kneeling, crouching, crawling. The claimant can never be exposed to unprotected heights or hazardous machinery.

   * * *

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

   * * *

7. The claimant was born [in] 1961 and was 47 years old, which is defined as a younger individual age 45-49 [sic][3], on the date last insured (20 CFR 404.1563).

8. The claimant has at least a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

    * * *

---

[3] A younger individual is defined as a person under the age of 50. 20 CFR § 404.1563(c).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2003 [sic], the alleged onset date, through June 30, 2008, the date last insured (20 CFR 404.1520(g)).

*Id.* at 20-27.

Plaintiff's request for Appeals Council review was denied on February 15, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. <u>Legal Standards</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. <u>Analysis</u>

Plaintiff contends that there were two errors by the ALJ in finding that she was not disabled. First, plaintiff argues that the ALJ improperly rejected opinions from treating and examining physicians without explanation. ECF No. 17 at 14-19. Second, she argues that the ALJ rejected her subjective complaints without providing clear and convincing reasons. *Id*. at 19-

22. As discussed below, remand is warranted as to the first argument. Accordingly, the court declines to reach plaintiff's remaining argument.

### A. Background

In relation to a worker's compensation claim, plaintiff was evaluated on multiple occasions by examining physician Dr. Marvin Zwerin. On February 21, 2008, Dr. Zwerin noted that plaintiff had been experienced unremitting back problems after sustaining a work place injury in October 2000. *Id*. at 705. He also noted that plaintiff's treatment records reflected improvement in neck pain after undergoing an anterior cervical fusion at C5-6 in early 2004. *Id*. at 710. Dr. Zwerin diagnosed plaintiff chronic post-fusion pain c-spine (pending redo procedure at some future date), chronic thoracic discogenic pain (under consideration for fusion), chronic lumbar discogenic pain syndrome, and pending lumbar fusion L4-S1. *Id*. With respect to plaintiff's functional capabilities, Dr. Zwerin noted that plaintiff was scheduled to undergo surgery for lumbar fusion within five days and was not expected to reach maximum medical improvement until 6-12 months after surgery. *Id*. Accordingly, he deferred assessing plaintiff's limitations until he could reevaluate her at a later date. *Id*.

Dr. Zwerin examined plaintiff again in October 2009. *Id*. at 714-22. At that time, he noted that plaintiff had undergone successful fusion at L5-S-1, but she continued to experience numbness and cervical pain and had yet to reach maximum medical improvement. *Id*. at 718. Dr. Zwerin saw plaintiff again in December 2011. *Id*. at 455-63. He noted that plaintiff's latest period of total temporary disability began in October 2005 and extended through the date of his report. Based on his examination and review of plaintiff's medical records, Dr. Zwerin diagnosed plaintiff with chronic post CF-6 cervical-fusion pain with chronic radicular features, chronic thoracic discogenic pain—increased since motor vehicle accident[4]—and chronic lumbar discogenic pain syndrome slightly improved following removal of hardware. *Id*. at 461. It was Dr. Zwerin's opinion that plaintiff was "limited to half-time semi-sedentary work with the ability

/////

---

[4] The record reflects that plaintiff was involved in a car accident in October 2011. AR 455

to sit/stand ad-lib and to lay down as dictated by pain." *Id*. at 462. Dr. Zwerin examined plaintiff again in September 2014 and concluded that his prior opinion remained unchanged. AR 723-31.

One of plaintiff's treating physicians, Dr. Carl Shin, completed a Physical Residual Functional Capacity Questionnaire in October 2016. AR 781-84. Therein, Dr. Shin opined that plaintiff could sit for about ten minutes at one time and stand for about ten minutes at one time, and that her pain and other symptoms would frequently interfere with her ability to maintain attention and concentration. *Id*. at 781-82. He further opined that plaintiff could rarely twist, stoop, crouch/squat, and climb ladders and stairs, and her impairments would cause her to be absent from work about four days per month. *Id*. at 784.

In assessing plaintiff's residual functional capacity, the ALJ did not discuss Dr. Zwerin and Dr. Shin's opinions, much less provide specific and legitimate reasons for rejecting the opinions. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (an opinion from a treating or examining physician, "even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.").

B. Discussion

Plaintiff argues that the ALJ erred by failing to even discuss the opinions from Dr. Zwerin and Dr. Shins. ECF No. 17 at 14-19. The Commissioner argues that the ALJ was not required to discuss Dr. Zwerin and Dr. Shin's opinions because they did not concern plaintiff's functional limitations prior to June 30, 2008, plaintiff's date last insured. The Commissioner notes that Dr. Zwerin did not provide an opinion regarding plaintiff's functional limitations until 2011, while Dr. Shin's opinion was not rendered until 2016. ECF No. 20 at 4-5.

Nonetheless, an ALJ is required to "consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). This includes medical opinions made after the date last insured that evaluate a "preexpiration condition." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see Wiley v. Astrue*, 2010 WL 3521786, at *3 (C.D. Cal. Sept. 7, 2010) (finding ALJ's failure to address non-treating doctor's opinion from nearly two years after date last insured was error because opinion was "arguably relevant" to issue of disability); *Herrera v. Astrue*, 2009 WL 3247184, at *6-7 (C.D. Cal. Oct. 6, 2009) (ALJ was required to provide specific

and legitimate reasons for rejecting doctor's opinion from nearly three years after date last insured); *Vaile v. Berryhill*, 2017 WL 2785331, at *3 (C.D. Cal. June 27, 2017) (finding a failure to consider doctor's opinion from after date last insured rendered ALJ's decision unsupported by substantial evidence because doctor's opinion related to treatment for conditions that existed before date last insured). The ALJ was not free to simply ignore the medical opinions in question, and for good reason.

Here, Dr. Zwerin's written reports consistently stated that plaintiff was being evaluated in relation to a workplace back injury she sustained in October 2000, well before the date last insured. AR 455, 705. Likewise, Dr. Shin's medical notes reflect that he was treating plaintiff's spine impairment that resulted from her workplace injury. *Id*. at 746-53. Thus, Dr. Zwerin and Dr. Shin's opinions were relevant to whether plaintiff was disabled prior to the date last insured and could not be rejected absent specific and legitimate reasons. *See Lester*, 81 F.3d at 830-31. Because the ALJ's decision does not reflect that these opinions were considered in assessing plaintiff's RFC, the matter must be remanded to allow the ALJ to weigh these opinions. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further administrative proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 24, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE